IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GRACE ANN FLANERY**                                                                     **PLAINTIFF**

V.                         No. 4:22-CV-01009-KGB-ERE

**KILOLO KIJAKAZI, Acting
Commissioner of Social Security**                                            **DEFENDANT**

### RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine Baker. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this Recommendation. If you do not object you risk waiving the right to appeal questions of fact and Judge Baker can adopt this Recommendation without independently reviewing the record.

**I.     Background**

Ms. Grace Ann Flanery filed an application for social security benefits due to coronary artery disease, stroke, and degenerative disc disease. *Tr. 251*.

Ms. Flanery's claim was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") held a telephonic hearing on June 3, 2021, where Ms. Flanery appeared with her lawyer, and the ALJ heard testimony from her and a vocational expert ("VE"). *Tr. 28-46*. The ALJ issued a decision on August 31, 2021,

1

finding Ms. Flanery was not disabled. *Tr. 11-22*. The Appeals Council denied Ms. Flanery's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-3*.

Ms. Flanery, who was forty-three years old at the time of the hearing, has a high school education and has past relevant work experience as an apartment manager, home health aide, cashier, and stocker. *Tr. 21, 32*.

## II. The ALJ's Decision[1]

The ALJ found that Ms. Flanery had not engaged in substantial gainful activity since June 24, 2018, the alleged onset date. *Tr. 13*. He concluded that Ms. Flanery has the following severe impairments: a history of cerebral vascular accident, depressive disorder, unspecified neurocognitive disorder, coronary artery disease, obesity, and degenerative disc disease. *Id*. However, the ALJ found that Ms. Flanery did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 14*.

According to the ALJ, Ms. Flanery had the residual functional capacity ("RFC") to perform sedentary work with the following limitations: (1) only

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

occasional climbing, balancing, stooping, kneeling, crouching, and crawling; (2) no concentrated exposure to extreme cold, extreme heat, and hazards such as dangerous machinery and unprotected heights; (3) can remember, understand, and carry out simple, repetitive instructions; (4) can cope with typical mental demands of basic work; and (5) can respond to supervision and get along with others in a work environment. *Tr. 15*.

In response to hypothetical questions incorporating the above limitations, the VE testified that a significant number of potential jobs were available in the national economy that Ms. Flanery could perform, including paster and trimmer, nut sorter, and eyeglass frame polisher. *Tr. 44*. Accordingly, the ALJ determined that Ms. Flanery was not disabled.

### III.  Discussion

#### A.  Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider

Case 4:22-cv-01009-KGB   Document 14   Filed 06/07/23   Page 4 of 12

not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B.     Ms. Flanery's Arguments for Reversal

Ms. Flanery asserts that the Commissioner's decision is not supported by substantial evidence, because the ALJ erred in: (1) not fully and fairly developing the record; (2) finding her PTSD non-severe; (3) evaluating her subjective complaints; and (4) making the RFC finding. *Doc. 9 at 6-15*.

For the reasons explained below, the Commissioner's decision should be affirmed.

### C.     Analysis

#### 1.     The ALJ Sufficiently Developed the Record.

Ms. Flanery argues the ALJ failed to fully develop the record. She points to the delay between her initial hearing and the second hearing a year later and argues that the ALJ relied on disability determination services' ("DDS") opinions that were stale. *Doc. 9 at 7*. "Without the opinions of treating or examining physicians, the ALJ could rely only on his own inferences and the opinions of the remote-in-time nonexamining state agency consultants." *Id at 10*.

4

Though the DDS opinions are from 2019, the ALJ considered the record as a whole and noted that there was no other "evidence that would alter the findings of the state agency consultants." *Tr. 20*.

Regarding physical impairments, the ALJ, specifically, noted that in October 2019, Ms. Flanery saw a cardiologist and reported a recent emergency room visit for chest pain, but electrocardiogram and cardiac markers were negative. *Tr. 18*. She also had a negative stress test, no chest pain, and her chest pain had improved with medication. *Tr. 654-55, 683, 691*. In November 2019, Ms. Flanery reported chest pain to her cardiologist, but it was effectively treated with amlodipine, an increased Ranexa dosage, and Lasix. *Tr. 652*. In March 2020, Ms. Flanery reported some intermittent chest pain, but she had not been taking her prescription because the pharmacy was out. *Tr. 646*. She also had no active chest pain at that visit. *Id*. In November 2020, Ms. Flanery's cardiologist noted that "[s]he is well compensated from the heart failure standpoint of view." *Tr. 860*.

As for her mental impairments, Ms. Flanery argues that the record is not fully developed because the ALJ rejected Dr. Don Ott's opinion (her examining source), leaving no other opinion evidence as to her Mental Residual Functioning Capacity. *Doc. 9 at 9*. However, the ALJ was not required to seek alternative opinions regarding Ms. Flanery's mental limitations. "The ALJ must neutrally develop the facts but does not have to seek additional clarifying statements from a treating

physician unless a crucial issue is undeveloped." *Stormo v. Barnhard*, 377 F.3d 801, 806 (8th Cir. 2004) (internal citation omitted). Here, the ALJ found persuasive the opinions of state agency consultants Laurie Clemens, Margaret Podkova, Dr. James Wellons, and Dr. Jim Takach. *Tr. 20*. After reviewing the record, each consultant found Ms. Flanery could perform unskilled, sedentary work, with some restrictions. *Id*. The ALJ properly relied on objective medical evidence in the record, other than Dr. Ott's opinion, to support his decision. Given the multiple state agency consultants' reviews, which the ALJ found persuasive, and the lack of opinions by any of Ms. Flanery's treating providers regarding mental limitations, the ALJ's non-disability determination was supported by sufficient evidence.

"On appeal the claimant must establish that the ALJ's failure to develop the record was unfair or prejudicial in order to warrant reversal on this basis." *Haley v. Massanari*, 258 F.3d 742, 750 (8th Cir. 2001). Ms. Flanery has not met her burden.

### 2. The ALJ Did Not Err at Step Two.

Ms. Flanery asserts the ALJ erroneously found her PTSD non-severe. *Doc. 9 at 10*.

On February 18, 2020, Mark Coffman, LPC, a treating provider at Counseling Associates, diagnosed Ms. Flanery with major depressive disorder, with recurring episodes (moderate), and PTSD. *Tr. 840*. In follow-up visits with Chantel Doucet-Brice (another treating provider at Counseling Associates) throughout 2020 and

2021, Ms. Flanery had small progress and a "fair" prognosis. *Tr. 819, 822, 825, 828, 834, 837, 841*. In fact, at an August 28, 2020, appointment Ms. Flanery reported that "[t]hings have been much better." *Tr. 831*.

State agency consultants, Laurie Clemens, Ph.D., and Dr. James Wellons determined that Ms. Flanery could perform light, unskilled work. Dr. Clemens noted Ms. Flanery's sustained concentration and persistence limitations, resulting in the unskilled work determination. State agency examiner Margaret Podkova also noted Ms. Flanery's moderate limitations with memory, concentration, and persistence. *Tr. 369*. The ALJ determined that Ms. Flanery's mental impairments did not have at least two "marked" limitations or one "extreme" limitation which is required for a disability diagnosis. *Tr. 15*. He also noted sufficient objective medical evidence in the record consistent with the state agency consultants' physical and mental findings.

The ALJ found Ms. Flanery's treating source's assessment unpersuasive, because it was not supported by an examination and was inconsistent with the objective medical evidence. *Tr. 20*. The Eighth Circuit has held that "physician opinions that are internally inconsistent are entitled to less deference than they would receive in the absence of inconsistencies." *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005). "Moreover, medical opinions do not control in the face of other credible evidence in the record that detracts from that opinion." *Brown v. Astrue*,

611 F.3d 941, 951 (8th Cir. 2010). The medical record as a whole supports the ALJ's finding that Ms. Flanery's PTSD is non-severe.

Ultimately, the objective medical evidence in the record, coupled with the state agency consultants' findings, support the ALJ's finding.

### 3. The ALJ Properly Evaluated Ms. Flanery's Subjective Complaints

Ms. Flanery contends the ALJ erred when considering her subjective complaints regarding pain. *Doc. 9 at 12*. She also contends that her mental impairments were not given enough weight. She points out that mental impairments are typically more complicated to diagnose and can include periods that are "symptom free." *Id*. Finally, Ms. Flanery argues the ALJ did not properly apply each of the *Polaski* factors in his analysis.

The Court normally should defer to an ALJ's credibility determination. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ's brevity is not reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Id*. When evaluating the credibility of a claimant's subjective complaints, an ALJ must consider the *Polaski* factors, which include, "the claimant's prior work history; daily activities; duration, frequency, and intensity of pain; dosage and effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions." *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010) (quotation omitted) (citing *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984)). Also

relevant is the absence of objective medical evidence supporting the claimant's subjective complaints, although the ALJ cannot discount a claimant's credibility on this consideration alone. *Id.* at 932. The ALJ need not explicitly discuss each of the *Polaski* factors in the written decision as long as it is clear that they were considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

Here, the ALJ conducted a thorough review of the medical evidence and pointed out the inconsistencies between Ms. Flanery's complaints and the record. The ALJ considered "the claimant's subjective complaints of pain, the objective medical evidence, and any evidence relating to the claimant's daily activities; the duration, frequency and intensity of the claimant's pain; the dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions." *Tr. 20*. The listed considerations directly align with each of the *Polaski* factors. The ALJ did not specifically list each of Ms. Flanery's severe limitations with commentary on each *Polaski* factor, but that is not required. The ALJ simply must acknowledge and examine those considerations before discounting the claimant's subjective complaints. *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000). Here, the ALJ specifically acknowledged the *Polaski* factors and his consideration of them. Accordingly, this argument is without merit.

The ALJ considered Ms. Flanery's subjective complaints of pain and noted that they were not supported by the record objective medical evidence. *Tr. at 20*. An

9

ALJ may discount a claimant's complaints of pain if they are inconsistent with the evidence as a whole. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). The ALJ found the state agency consultants' opinions persuasive and supported by objective medical record regarding Ms. Flanery's mental and physical limitations. *Tr. at 20*.

Even if there was objective medical evidence in the record that supported Ms. Flanery's complaints regarding pain, the presence of pain does not automatically require a disability finding. The Eighth Circuit has noted that the mere fact that working may cause pain or discomfort does not mandate a finding of disability. *Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996).

Another factor weighing against Ms. Flanery's credibility is her non-compliance with treatment recommendations. Ms. Flanery repeatedly was told to quit smoking, lose weight, and exercise to improve her overall health. *Tr. 586, 588, 591, 655, 851, 852, 860, 863, 870, 873*. However, she has not complied. See *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) (failure to follow a recommended course of treatment weighs against a claimant's credibility).

Ms. Flanery's claim regarding the ALJ's credibility assessment is meritless.

4. **RFC**

Finally, Ms. Flanery asserts that the ALJ's RFC finding is erroneous. *Doc. 9 at 13*. Specifically, she asserts the RFC does not consider all the record evidence in her records. According to Ms. Flanery, the RFC relied on Dr. Jim Takach's August

24, 2019, findings but failed to consider the rest of her medical history through September 3, 2021. *Doc. 9 at 15*.

Contrary to Ms. Flanery's argument, there is sufficient evidence in the record after August 24, 2019, to support the ALJ's RFC finding.

For example, on April 4, 2020, Dr. Jennifer Gess recommended Ms. Flanery "increase her daily activity level" and "find new projects to engage in." *Tr. 779*. On September 15, 2020, Dr. Shuja Rasool found that Ms. Flanery was "doing well" from a cardiology standpoint. *Tr. 399*. On January 11, 2021, Dr. Rasool noted that Ms. Flanery's chest pain was overall improved. *Id. at 402*. Again, Ms. Flanery's treating doctors recommended increased exercise. *Tr. 586, 655, 870, 873*. "A lack of functional restriction on the claimant's activities is inconsistent with a disability claim where, as here, the claimant's treating physicians are recommending increased physical exercise." *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

The ALJ properly noted that Ms. Flanery could prepare simple meals, clean, do laundry, drive, pay bills, and count change. *Tr. 15*. Ms. Flanery's reported daily activities are consistent with the ability to perform sedentary work. Ms. Flanery repeatedly has been given a "fair" prognosis related to her mental impairments. Additionally, things had been "much better" since engaging in daily self-care. *Tr. 831*. The ALJ properly considered this information when determining Ms. Flanery's RFC. *Tr. 15*.

Two factors an ALJ must consider when evaluating a social security disability claimant's credibility include the "claimants' daily activities" and the "absence of objective medical evidence to support a claimant's complaints." *Buckner v. Astrue*, 646 F.3d 549, 558 (8th Cir. 2011). The ALJ also noted that Ms. Flanery's "[a]llegations of disabling impairments and limitations [are] inconsistent when compared to the longitudinal medical evidence of record and lacked objective evidence to support or substantiate her allegations of disabling impairments." *Tr*. 20.

Ultimately, the ALJ's RFC is supported by substantial evidence.

### IV. Conclusion

The ALJ applied proper legal standards in evaluating Ms. Flanery's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the decision and enter judgment in favor of the Commissioner.

Dated 7 June 2023.

_____
UNITED STATES MAGISTRATE JUDGE